1 | JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

2 | BRIAN J. STRETCH (CABN 163973)
3 | Chief, Criminal Division

4 | GARTH HIRE (CABN 187330)
Assistant United States Attorney

5 | 
6 | 1301 Clay Street, Suite 340-S
Oakland, California 94612-5217
Telephone: (510) 637-3929
7 | Facsimile: (510) 637-3724
E-Mail: Garth.Hire@usdoj.gov

8 | Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 09-00068 DLJ |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND ORDER |
| | ) | CONTINUING STATUS CONFERENCE |
| v. | ) | AND EXCLUDING TIME |
| EMILIANO MORFIN, | ) | |
| Defendant. | ) | |

Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

1. A status conference in this matter is currently scheduled for 9 a.m. on Friday, June 26, 2009.

2. The parties request that this hearing be continued until 9 a.m. on Friday, July 24, 2009, in order to provide defendant's counsel with additional time to conduct an investigation regarding outstanding factual and legal issues, evaluate the evidence in this case, and determine whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter.

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the continuance in order to investigate defendant's relative culpability compared to other defendants, to review and analyze the discovery materials produced, investigate the case, and develop a motions and/or trial strategy in light of that discovery. The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act. Defendant's counsel has spoken with defendant about the need for the requested continuance and defendant has agreed to the continuance and the requested exclusion of time under the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from June 26, 2009, to July 24, 2009, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 24, 2009                  /s/
                                      GARTH HIRE
                                      Assistant United States Attorney

                                      Attorney for United States of America

Dated: June 24, 2009                  /s/
                                      MICHAEL HINCKLEY

                                      Attorney for Defendant
                                      Emiliano Morfin

**ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES.  THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled June 26, 2009, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on July 24, 2009.

2. The time period from June 26, 2009, to July 24, 2009, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: June 24, 2009

HONORABLE D. LOWELL JENSEN
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME           3