UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br>v.<br>**EMILIANO MORFIN**,<br>Defendant. | Case No.  09-cr-00068-DLJ-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. Nos. 45, 47 |

Presently before the Court is Defendant Emiliano Morfin's *pro se* motion for reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing amendment 782[1] to United States Sentencing Guidelines ("USSG") §§ 2D1.1, 2D1.11.  (Dkt. No. 45.)[2]

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** Morfin's motion.

I.  **BACKGROUND**

Morfin entered into a plea agreement pursuant to Fed. R. Crim. Pro. 11(c)(1)(C).  (Dkt. No. 15, "Plea.")  Under the Plea, Morfin pled guilty to "distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(A)(viii)."  (*Id.* ¶ 1.)  More specifically, Morfin conceded in the plea agreement that he sold "three baggies containing a total of 80.7 grams of actual methamphetamine."  (*Id.* ¶ 2.)  This admission regarding the quantity of methamphetamine meant

---

[1] Amendment 782 lowered the recommended sentences for many drug trafficking offenses. *See United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

[2] The Court notes that Morfin filed a second motion to reduce his sentence.  (Dkt. No. 47.)  Although this second motion appears to be incomplete, it is similarly made pursuant to 18 U.S.C. § 3582(c)(2) based on based on Amendment 782 to USSG §§ 2D1.1 and 2D1.11, and also challenges the same sentence for the same charges.  Thus, for the same reasons that the Court denies the earlier-filed motion (Dkt. No. 45) discussed *infra*, the Court likewise **DENIES** this second motion (Dkt. No. 47).

1   that 120 months in custody was the mandatory minimum sentence available to Morfin on the

2   charge to which he pled guilty.  *See* 21 U.S.C. § 841(b)(l)(A)(viii).  In exchange for his guilty

3   plea, the prosecution dismissed the other charge brought against Morfin in its indictment.  (*See*

4   Plea ¶ 13.)

5         The plea agreement recommended a sentence of 120 months in custody, among other

6   conditions.  (Plea ¶ 8.)  Both the prosecutor and Morfin's counsel filed sentencing memoranda

7   recommending a sentence of 120 months in custody because 120 months was the statutory

8   mandatory minimum sentence for the charge two which he pled guilty considering the quantity of

9   methamphetamine involved.   (Dkt. Nos. 34, 35.)  The Court ultimately sentenced Morfin to the

10  recommended 120 months in custody.  (Dkt. No. 41.)

11        After Morfin filed the instant motion, on September 1, 2015, the United States Probation

12  Office filed a "Sentence Reduction Investigation Report" ("Probation Report").  (Dkt. No. 48.)

13  The Probation Report concluded Morfin was not entitled to a reduction in his sentence.  (*Id.* at 2.)

14  The Probation Report states that Morfin's "sentence cannot be further reduced because the

15  defendant's original sentence was the statutory mandatory minimum (120 months).  Accordingly,

16  the defendant is not eligible for a reduction in his sentence as his guideline range was not lowered

17  by [Amendment 782]."  (*Id.*)

18        The Federal Public Defender's office filed a letter stating that it does not intend to

19  intervene in Morfin's motion to reduce his sentence.  (Dkt. No. 46.)

20  **II.   LEGAL STANDARD**

21        A court may consider a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)

22  despite the defendant having entered into a plea agreement under Fed. R. Crim. Pro. 11(c).  *See*

23  *Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011).  In *United States v. Pleasant*, the Ninth

24  Circuit set out a two-part test under which such a request shall be considered:

25        Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

26

27  704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and

28

1  citation omitted) (emphasis in original).

2  **III. DISCUSSION**

3  Morfin is ineligible for a reduction in his sentence based on Amendment 782 to USSG §§ 2D1.1 and 2D1.11. The Court sentenced Morfin to the statutory mandatory minimum sentence available for the offense to which he pled guilty. Thus, his sentence was not "based on" a sentencing range that Amendment 782 subsequently lowered. *See Pleasant,* 704 F.3d at 810-11; *see also United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (holding that a defendant is not entitled to a reduction where sentence was based on the applicable statutory mandatory minimum rather than on a sentencing range that was subsequently lowered); *United States v. Nunez*, 2015 WL 7271937, at *2 (E.D. Cal. Nov. 17, 2015) (same). Consequently, Morfin's motion fails because he cannot satisfy the "based on" prong of the *Pleasant* test. *Pleasant,* 704 F.3d at 810-11.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that Morfin is not entitled to a reduction of his sentence. Accordingly, Morfin's motion is **DENIED**.

This Order terminates Docket Numbers 45 and 47.

**IT IS SO ORDERED.**

Dated: December 7, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**